FILED
2007 Dec-17 PM 04:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **LOIS S. SHUTT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CV 07-B-1146-W |
| | ) |
| **UNIVERSITY ORAL & FACIAL SURGERY, P.C.,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is presently pending before on defendant's Objection to Magistrate's Report and Recommendation. (Doc. 9.) Plaintiff Lois S. Shutt has sued her former employer, defendant University Oral and Facial Surgery, P.C., alleging that defendant discriminated against her on the basis of age and that it violated COBRA. (Doc. 1.) Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's Objection to Magistrate's Report and Recommendation, (doc. 9), is due to be overruled, and its Motion to Dismiss, (doc. 4), is due to be granted in part and denied in part.

Defendant filed a Motion to Dismiss, in which it asked the court to dismiss plaintiff's age discrimination claims based on her failure to file an EEOC charge within 180 days of the alleged adverse employment actions. (Doc. 4 at 1.) Plaintiff's Complaint alleges two discrete acts of age discrimination – defendant's June 24, 2005, decision to demote her to file clerk, and its November 28, 2005, decision to terminate her. (Doc. 1 ¶¶ 15, 18, 38.) Plaintiff

filed her EEOC charge on May 30, 2006 – 183 days after the termination and 340 days after the demotion. The 180th day after her termination was a Saturday; the following Monday was Memorial Day, a legal holiday.

The Magistrate Judge's Report and Recommendation recommends that plaintiff's age discrimination claim with regard to her demotion be dismissed based on her untimely EEOC charge, but it recommends that the motion to dismiss her termination claim be denied. The Magistrate Judge applied Fed. R. Civ. P. 6(a) to extend that 180-day period for filing an EEOC charge as to plaintiff's termination claim. Defendant objects on the ground that the Federal Rules of Civil Procedure do not apply to the administrative proceeding before the EEOC and that the court should "look back" from the date the charge was filed to determine if any discriminatory acts occurred within the 180-day period preceding the charge.

Rule 6(a) states:

> ***In computing any period of time prescribed*** or allowed by these rules, by the local rules of any district court, by order of court, or ***by any applicable statute***, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

Fed. R. Civ. P. 6(a) (emphasis added).

"[C]ourts have uniformly concluded that Rule 6(a) should be 'liberally and realistically construed to accomplish that which the rule recognizes: the general suspension

of work and labor upon Sunday and other days set aside for observance of a public purpose.'" *Matter of American Healthcare Management, Inc.*, 900 F.2d 827, 831 (5th Cir. 1990)(citing *Union Nat. Bank v. Lamb*, 337 U.S. 38, 40-41 (1949); *Prudential Oil & Minerals Co. v. Hamlin*, 261 F. 2d 626, 627 (10th Cir. 1958); *Johnson v. Harper*, 66 F.R.D. 103, 105 (E.D. Tenn. 1975); *Wirtz v. Local Union 611, Int'l Hod Carriers' Bldg. & Common Laborers' Union*, 229 F. Supp. 230, 231 (D. Conn. 1964)). "The clear purpose of the rule is to avoid a forfeiture of rights when a deadline for acting falls on a day on which courts are closed for business. This purpose is met by applying the rule to extend a deadline when the original deadline is a date certain that happens to fall on a legal holiday." *Id*. at 831-32. Although, "[t]here is some dispute as to whether Rule 6(a) applies directly to federal statutes of limitations or whether it may be invoked only by analogy," the Eleventh Circuit "has consistently used Rule 6(a)'s method for computing federal statutory time limitations," and has noted that Fed. R. Civ. P. 6(a) should be "invoked for purposes of computing [an administrative] notice and filing period." *In re Gotham Provision Co., Inc.*, 669 F.2d 1000, 1014-15 (11th Cir.), *cert. denied sub. nom First State Bank of Miami v. Gotham Provision Co., Inc.*, 459 U.S. 858 (1982).

Because the time for filing an EEOC charge is established by statute, 42 U.S.C. § 2000e-5, and because the time for filing is considered a statute of limitations, *see Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982), the court finds that the *In re Gotham Provision Co*. decision of the Eleventh Circuit controls.

Rule 6(a) applies to the computation of the 180-day period for filing an EEOC charge. Defendant's objections to the contrary, (doc. 9), will be overruled.

For the foregoing reasons, the court will adopt the Magistrate Judge's Report and Recommendation. An Order granting in part and denying in part defendant's Motion to Dismiss, (doc. 4), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 17th day of December, 2007.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE